IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EXZANDRIAN VAN WILLIAMS,

    Petitioner,                    No. 2:11-cv-3082 CKD P

    vs.

RANDY GROUNDS,                <u>ORDER TO SHOW CAUSE</u>

    Respondent.

_____/

        Petitioner is a former state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to this court's jurisdiction. (Dkt. Nos. 8, 9.)

        In the petition filed November 21, 2011, petitioner challenges a judgment entered March 18, 2010 in Placer County Superior Court following petitioner's no contest plea to possessing a controlled substance (Cal. Health & Safety Code § 11350(a)) and his admission of a prior "strike" conviction (Cal. Penal Code § 1170.12 (a)-(d)). Petitioner was sentenced to state prison for thirty-two months, less 133 days for time served and statutory credit. (Dkt. No. 1; Clerk's Transcript ("CT") 77-78.) The gravamen of the petition is that plaintiff was eligible for, and should have been granted, deferred entry of judgment pursuant to Cal. Penal Code section 1000, which provides that a defendant accused of possession of a controlled substance may be

1

1 eligible to enter a drug treatment program in lieu of going to jail.  (See generally Dkt. No. 1.)

2        On December 28, 2011, petitioner filed a notice of change of address to a residential address in Berkeley, California.  (Dkt. No. 7.)  In his answer filed February 29, 2012, respondent noted that petitioner had been released to the supervision of the Alameda County Probation Department.  (Dkt. No. 12 at 6, n.1.)  On March 22, 2012, petitioner filed a second notice of change of address to a residential address in Oakland, California.  (Dkt. No. 14.)   In his traverse filed May 7, 2012, petitioner asserted that he was in "actual and constructive" custody.  (Dkt. No. 18 at 5.)

        Generally, a case becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution.  Wyatt v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003), citing Spencer v. Kemna, 523 U.S. 1, 7 (1998).  A habeas petition challenging a conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody; however, some collateral consequence of the conviction must exist in order for the suit to be maintained.  See Wyatt v. Terhune, 319 F.3d at 479.  A habeas petition is not moot where the petitioner remains on supervised release and there is some possibility that petitioner could receive a reduction in his term of supervised release if the petition is granted.  See Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010).

        Here, petitioner received an unspecified term of probation following a sentence of less than three years.  It is not clear from the record whether petitioner remains on probation and/or whether a grant of habeas relief could possibly effect a reduction in the term of his supervised release.

////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order petitioner shall file and serve papers showing cause why the petition is not moot; and

2. Respondent may file a response to petitioner's response no later than ten days after the date of service of petitioner's response on respondent.

Dated: February 7, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will3082.osc