UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXZANDRIAN VAN WILLIAMS, | No. 2:11-cv-3082 CKD P |
| Petitioner, | |
| v. | ORDER |
| RANDY GROUNDS, | |
| Respondent. | |

Petitioner is a former state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges a 2010 judgment of conviction in the Placer County Superior Court following his no contest plea to possession of a controlled substance and his admission of a prior "strike" under California's Three Strikes Law, for which he was sentenced to state prison for thirty-two months, less time served and statutory credit.  (ECF No. 1 ("Ptn."); Clerk's Transcript ("CT") 54, 77-78.)  Respondent has filed an answer to the petition, and respondent has filed a traverse.  Both parties have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

Petitioner asserts that the state courts erred in upholding the trial court's decision to (1) not strike the admitted prior "strike" and (2) sentence him to a state prison term rather than divert him into a drug rehabilitation program.  Petitioner asserts various claims related to (2), all

1

premised on petitioner's eligibility for deferred judgment and diversion under state law. Upon careful consideration of the record and the applicable law, the court will deny the petition for writ of habeas corpus.

## BACKGROUND

I. Facts

In its affirmation of the judgment on appeal, the California Court of Appeal, Third Appellate District, set forth the relevant factual background as follows:

> Defendant Exzandrian Van Williams pleaded no contest to possession of narcotics (Health & Saf. Code § 11350, subd. (a)) and admitted a strike, in exchange for the dismissal of other charges and a sentence lid of 32 months, with the understanding that the court would consider a Romero motion to strike the strike (see People v. Superior Court Romero (1996) 13 Cal. 4th 497). The factual basis for the plea shows that on May 9, 2009, defendant possessed .24 grams of cocaine, and he had a prior first degree burglary conviction.
>
> After Judge Nichols denied the Romero motion, Judge Dawson sentenced defendant in accordance with the bargain. The court awarded defendant 89 days of actual presentence credit and 44 days of presentence conduct credit.
>
> . . .
>
> The record before the trial court at the Romero hearing showed that defendant was born in 1972. His adult criminal record began with a conviction for felony grand theft in 1990, soon followed by convictions in 1991 for forgery and access card forgery, leading to defendant's first prison term. After two parole violations, he was convicted in 1996 of knowing receipt of stolen property and sentenced to his second prison term. In 2001 he was convicted of residential burglary and grand theft from an elderly person and again sentenced to prison, this time for 12 years. The total restitution ordered in the strike case exceeded $300,000. In 2009, the year of the current offense, defendant was returned to prison on a parole violation.
>
> Defendant's motion argued the current offense was minor, nonviolent and did not evidence sophistication: after defendant was approached by a peace officer, he admitted smoking cocaine to relieve stress, and the officer found a narcotics pipe on him. When the officer took defendant to jail, defendant was found in possession of .24 of a gram of cocaine. The strike involved taking furniture from a home. Defendant alleged he had good prospects and had a solid family support system in place.
>
> Judge Nichols denied the Romero motion, noting that the "offenses in 2001 were very serious" because of the amount of the victim's

>           losses.  Further, defendant had served three prior prison terms and had been on parole from the strike conviction at the time of the instant offense.

(ECF No. 12, Ex. A ("Van Williams I") at 20-22.)  The facts as set forth by the state court of appeal are presumed correct, 28 U.S.C. § 2254(e)(1), and are consistent with this court's review of the record.

II. Procedural History

On May 12, 2009, the Placer County District Attorney filed a felony complaint charging petitioner with bringing drugs into a jail (Cal. Penal Code § 4573[1]), possessing cocaine (§11350(a)), and misdemeanor possession of drug paraphernalia (§ 113640).  As to the first two counts, it was alleged that petitioner had a prior serious or violent felony conviction pursuant to §667.5 and had been convicted of four prior felonies.  The complaint alleged that, due to petitioner's prior felonies, he was ineligible for probation within the meaning of § 1203(e)(4).  (CT 1-4.)  On May 14, 2009, petitioner waived arraignment and pled not guilty.  (CT 6.)

On November 12, 2009, petitioner withdrew his previous plea, pled no contest to possession of a controlled substance, and admitted the "strike" prior conviction as to his felony conviction of November 15, 2001, while reserving the right to file a Romero[2] motion to strike the 2001 strike. (CT 20; Reporter's Transcript ("RT") 1-5.)

The parties briefed the Romero motion (CT 24-35; 38-46), which was denied on March 4, 2010.  The trial court concluded that, while petitioner had "done some very positive things" and the motion "was a difficult one," the "really critical factor . . . is that you had not been out of prison for a long period of time" before committing the instant offense. (CT 50; RT 6-12.)  On March 18, 2010, petitioner was denied probation and sentenced to state prison for thirty-two months, less 133 days for time served and statutory credit.  (CT 76-78; RT 13-16.)

On September 15, 2010, petitioner filed a petition for writ of habeas corpus in the Placer County Superior Court, which was denied on procedural grounds[3] on September 21, 2010.  (Ptn.,

---

[1] Statutory references are to the California Penal Code unless otherwise indicated.
[2] People v. Superior Court (Romero), 13 Cal. 4th 497 (1996).
[3] "Because most, if not all, of the errors alleged by petitioner can be raised on appeal, he cannot also raise them by writ of habeas corpus."  (Id. at 70-71.)

3

Ex. A at 69-71.)

Petitioner appealed the judgment, arguing that the trial court abused its discretion in declining to strike the 2001 prior strike under Romero. (Lod. Doc. 1.[4]) On March 16, 2011, the California Court of Appeal for the Third Appellate District affirmed the judgment in a reasoned decision. (ECF No. 12, Ex. A.) Petitioner sought review in the California Supreme Court (Lod. Doc. 6), which summarily denied the petition on June 8, 2011 (Lod. Doc. 7).

While petitioner's appeal was pending, he

> filed a motion to reconsider his Romero motion. . . . Defendant also made a Faretta[5] motion, which the court granted. The court deemed the motion to reconsider a request to recall the sentence under Penal Code section 1170. After considering defendant's request, the court denied it. Defendant also sought bail pending appeal. The court denied the motion[.]
>
> . . .
>
> Defendant filed notices of appeal as to the denial of his motion to recall sentence and the denial of his motion to be released on bail pending appeal.
>
> . . .
>
> Defendant filed a supplemental brief [in the court of appeal] arguing ineffective assistance of counsel and prosecutorial misconduct based on his assertion that he was entitled to deferred entry of judgment and Proposition 36 probation, which he claimed would have mooted the Romero issue.

(ECF No. 12, Ex. B ("Van Williams II") at 27-28.) Petitioner further contended that his trial counsel was defective; that the district attorney committed misconduct; that his plea was not voluntary, knowing, and intelligent; and that he should have been committed to the deferred entry of judgment program rather than prison. (Lod. Doc. 3.) On May 5, 2011, the Court of Appeal for the Third Appellate District rejected these claims in a reasoned decision. (Van Williams II.) Petitioner sought review in the California Supreme Court (Lod. Doc. 8), which was summarily denied on July 20, 2011 (Lod. Doc. 9).

---

[4] Lodged Documents refer to those documents lodged by respondent on March 2, 2012 (ECF No. 13).

[5] Faretta v. California, 422 U.S. 806 (1975).

4

The next day, petitioner filed another petition for writ of habeas corpus in the Placer County Superior Court, which was denied for failing to state a prima facie claim for relief and alternatively, on procedural grounds[6] on July 27, 2011. (Lod. Doc. 10.)

On November 21, 2011, petitioner filed the instant federal petition.

## ANALYSIS

I. AEDPA

The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As a preliminary matter, the Supreme Court has recently held and reconfirmed "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington v. Richter, 131 S. Ct. 770, 785 (2011). Rather, "when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 784-785, citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis). "The presumption may be overcome when there is reason to think some other explanation for the state

---

[6] "On appeal, petitioner raised some of the same issues as raised in this petition. . . . In the absence of strong justification, any issue that was actually raised and rejected on appeal cannot be renewed in a petition for writ of habeas corpus." (Id. at 2.)

5

1  court's decision is more likely." Id. at 785.

2  The Supreme Court has set forth the operative standard for federal habeas review of state
3  court decisions under AEDPA as follows: "For purposes of § 2254(d)(1), 'an unreasonable
4  application of federal law is different from an incorrect application of federal law.'" Harrington,
5  supra, 131 S. Ct. at 785, citing Williams v. Taylor, 529 U.S. 362, 410 (2000). "A state court's
6  determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded
7  jurists could disagree' on the correctness of the state court's decision." Id. at 786, citing
8  Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Accordingly, "a habeas court must
9  determine what arguments or theories supported or ... could have supported[] the state court's
10 decision; and then it must ask whether it is possible fairminded jurists could disagree that those
11 arguments or theories are inconsistent with the holding in a prior decision of this Court." Id.
12 "Evaluating whether a rule application was unreasonable requires considering the rule's
13 specificity. The more general the rule, the more leeway courts have in reaching outcomes in
14 case-by-case determinations.'" Id. Emphasizing the stringency of this standard, which "stops
15 short of imposing a complete bar of federal court relitigation of claims already rejected in state
16 court proceedings[,]" the Supreme Court has cautioned that "even a strong case for relief does not
17 mean the state court's contrary conclusion was unreasonable." Id., citing Lockyer v. Andrade,
18 538 U.S. 63, 75 (2003).

19 The undersigned also finds that the same deference is paid to the factual determinations of
20 state courts. Under § 2254(d)(2), factual findings of the state courts are presumed to be correct
21 subject only to a review of the record which demonstrates that the factual finding(s) "resulted in a
22 decision that was based on an unreasonable determination of the facts in light of the evidence
23 presented in the state court proceeding." It makes no sense to interpret "unreasonable" in §
24 2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the
25 factual error must be so apparent that "fairminded jurists" examining the same record could not
26 abide by the state court factual determination. A petitioner must show clearly and convincingly
27 that the factual determination is unreasonable. See Rice v. Collins, 546 U.S. 333, 338 (2006).
28 The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable

6

1  nature of the state court decision in light of controlling Supreme Court authority.  Woodford v.
2  Viscotti, 537 U.S. 19 (2002).  Specifically, the petitioner "must show that the state court's ruling
3  on the claim being presented in federal court was so lacking in justification that there was an error
4  well understood and comprehended in existing law beyond any possibility for fairminded
5  disagreement."  Harrington, supra, 131 S. Ct. at 786-787.  "Clearly established" law is law that
6  has been "squarely addressed" by the United States Supreme Court.  Wright v. Van Patten, 552
7  U.S. 120, 125 (2008).  Thus, extrapolations of settled law to unique situations will not qualify as
8  clearly established.  See e.g., Carey v. Musladin, 549 U.S. 70, 76 (2006) (established law not
9  permitting state sponsored practices to inject bias into a criminal proceeding by compelling a
10  defendant to wear prison clothing or by unnecessary showing of uniformed guards does not
11  qualify as clearly established law when spectators' conduct is the alleged cause of bias injection).
12  The established Supreme Court authority reviewed must be a pronouncement on constitutional
13  principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules
14  binding only on federal courts.  Early v. Packer, 537 U.S. 3, 9 (2002).

15  The state courts need not have cited to federal authority, or even have indicated awareness
16  of federal authority in arriving at their decision.  Early, supra, 537 U.S. at 8.  Where the state
17  courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal
18  court will independently review the record in adjudication of that issue.  "Independent review of
19  the record is not de novo review of the constitutional issue, but rather, the only method by which
20  we can determine whether a silent state court decision is objectively unreasonable."  Himes v.
21  Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

22  "When a state court rejects a federal claim without expressly addressing that claim, a
23  federal habeas court must presume that the federal claim was adjudicated on the merits – but that
24  presumption can in some limited circumstances be rebutted."  Johnson v. Williams, 133 S. Ct.
25  1088, 1096 (2013).  "When the evidence leads very clearly to the conclusion that a federal claim
26  was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to" de novo review of
27  the claim.  Id. at 1097.
28  ////

7

II. Petitioner's Claims

Petitioner asserts ten claims, all but one of which (Claim 3) concern his eligibility for a deferred entry of judgment program pursuant to California Penal Code § 1000.

As set forth in the petition, the claims are: (1) the state courts denied petitioner the right to be heard under the proper standard on his claim that he was eligible for diversion under Penal Code § 1000 (providing for deferred entry of judgment ("DEJ") and diversion into a drug rehabilitation program); (2) petitioner suffered an "illegal sentence" that exceeded the maximum sentence intended by the California Legislature because he was "denied his eligibility for Penal Code 1000"; (3) the trial court abused its discretion in declining to dismiss petitioner's prior strike pursuant to Romero; (4) the state court of appeal misapplied Cal. Penal Code § 1000; (5) the prosecution withheld evidence of petitioner's eligibility for the DEJ program, in violation of Brady v. Maryland, 373 U.S. 83 (1963); (6) the avoidance of Cal. Penal Code § 1000 caused an unconstitutionally disproportionate sentence; (7) petitioner's plea was not voluntary, knowing, and intelligence because "the plea completely ignored [petitioner's] right to [the] Pen. Code [§] 1000 (D.E.J.) program"; (8) petitioner's counsel rendered ineffective assistance by not "advocat[ing] for D.E.J. protections"; (9) the state courts violated petitioner's right to due process by denying him the DEJ program "without a proper hearing"; and (10) petitioner's due process rights were violated by the cumulative errors of the state courts. (Ptn.)  Petitioner requests, among other relief, that the 2010 judgment of conviction "be remanded for imposition of alternate sentence to drug treatment[.]" (Id. at 67.)

The court addresses petitioner's prior strike and DEJ-related claims below.

A. Prior Strike

Petitioner claims that the trial court abused its discretion by declining to strike his 2001 prior strike during sentencing. In the last reasoned decision on this claim, the state court of appeal wrote:

> In ruling on the Romero motion, Judge Nichols was required to 'consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strike's Law's] spirit,

> in whole or in part, and hence should be treated as if he had not previously been convicted of one or more serious and/or violent felonies. (People v. Williams (1998) 17 Cal. 4th 148, 161.)
>
> 'In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First 'the burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citations.] Second, a 'decision will not be reversed merely because reasonable people might disagree. An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' (People v. Carmony (2004) 33 Cal. 4th 367, 376-77.)
>
> On appeal defendant reargues the relevant factors, but he does not demonstrate that Judge Nichols abused her discretion. Although defendant's record of criminality is not *violent*, it is *persistent*. As Judge Nichols found, the huge losses to the victims in the strike case – over $300,000 – as well as the 12-year term imposed, show that was a very serious case, albeit not violent. Defendant had not completed his parole for that case when he committed the instant offense, after an earlier parole violation. Further, before the strike conviction defendant had served two prior prison terms, and had violated parole twice. His first felony was in 1990, at the age of 18. His criminality since then has been persistent.
>
> Although the amount of cocaine in this case was small, and defendant's record does not reflect violence, we cannot say that Judge Nichols abused her discretion in concluding that defendant fell within the spirit of the Three Strikes Law.

Van Williams I at 22-23.

California courts retain discretion under the Three Strikes Law to strike prior felony conviction allegations. Romero, 13 Cal. 4th at 530. However, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68. Specifically, a claim that a state court abused its discretion in denying a Romero motion is not cognizable on federal habeas review. Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002) (vacated on other grounds by Mayle v. Brown, 538 U.S. 901 (2003)). Here, petitioner's argument that the state courts misapplied state sentencing law is not cognizable on federal habeas review. Thus petitioner is not

9

entitled to relief on this claim.

B. <u>Diversion to Drug Rehabilitation Program</u>

The gravamen of the petition is that petitioner was denied – for various unconstitutional reasons – his rightful placement in a drug rehabilitation program pursuant to Cal. Penal Code §1000, which provides for deferred entry of judgment and the opportunity for eligible defendants to have the charges against them dismissed upon successful completion of the program.

In the last reasoned decision on these claims, the state court of appeal wrote:

> Defendant filed a supplemental brief arguing ineffective assistance of counsel and prosecutorial misconduct based on his assertion that he was entitled to deferred entry of judgment and Proposition 26 probation, which he claimed would have mooted the <u>Romero</u> issue. He also contends his plea was not voluntary, knowing, and intelligent based on the same ineffective assistance of counsel and prosecutorial misconduct related to the failure to grant him deferred entry of judgment. He contends because of his eligibility for deferred entry of judgment, it also would have been appropriate to grant him bail pending appeal. Defendant also argues the denial of his <u>Romero</u> motion was error because of his entitlement to deferred entry of judgment.
>
> Defendant's claims regarding the denial of his motion for bail pending appeal is mooted by the issuance of our decision on appeal. [Citation omitted.] Defendant's remaining contentions are all premised on his claim that he was eligible for deferred entry of judgment. He was not. Defendant was on parole from a prior strike conviction at the time he committed this offense. (Penal. Code § 1000, subd. (a)(4).) That fact disqualifies him for deferred entry of judgment.
>
> Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

<u>Van Williams II</u> at 28-29.

As with his <u>Romero</u> claim, petitioner's eligibility for the DEJ program is a matter of state law which has been duly adjudicated by the state courts. As all of petitioner's nominally federal claims are based on the assertion that he qualified for the diversion program under Cal. Penal

/////

/////

/////

Code §1000 – an assertion the state courts have flatly rejected – petitioner is not entitled to relief on any of the claimed bases.[7] Thus the court will deny the petition in its entirety.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Good cause having been shown, the February 7, 2013 order to show cause is discharged;

2. The petition for writ of habeas corpus (ECF No. 1) is denied; and

3. This case is closed.

Dated:  December 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / van3082.hc

---

[7] Nor is petitioner entitled to an evidentiary hearing at this stage.  See Cullen v. Pinholster, __U.S.__, 131 S. Ct. 1388 (2011) (holding that, when a state court decides a habeas claim on the merits, the federal court's inquiry under 28 U.S.C. § 2254(d)(1) is limited to the record before the state court).